UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                    :
GREGORY GUIDO,                      :
                                    :
            Plaintiff,              :        Civil No. 08-2167 (NLH)
                                    :
        v.                          :
                                    :
FEDERAL BUREAU OF PRISONS,          :        MEMORANDUM AND ORDER
et al.,                             :
                                    :
            Defendants.             :
                                    :
```

Plaintiff, Gregory Guido, a federal inmate confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), at the time he submitted this Complaint for filing, seeks to bring this tort action alleging negligence and false imprisonment against the Federal Bureau of Prisons and its agents, officials, and employees.  Plaintiff failed to pay the $350.00 filing fee and did not submit a complete application to proceed in forma pauperis, pursuant to  28 U.S.C. § 1915.

At the time he submitted his Complaint, Plaintiff was a prisoner subject to the provisions under the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, and establishes certain financial requirements for prisoners who are

1

attempting to bring a civil action or file an appeal in forma pauperis.

Under the Act, a prisoner bringing a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison or institutional facility at which he was or is confined. Id.

Here, Plaintiff was released from prison on May 2, 2008, and therefore, is no longer required to submit a certified copy of his 6-month prison account statement as required under 28 U.S.C. § 1915(a)(2).

Nevertheless, under 28 U.S.C. § 1914(a) and Local Civil Rule 54.3(a), Plaintiff is required to prepay the filing fee for his Complaint, or if indigent, may apply to the Court to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. An application to proceed as an indigent must contain an affidavit or statement of all assets and income such person possesses and that such person is unable to pay the filing fee or give security therefor. 28 U.S.C. § 1915(a)(1). In this case, Plaintiff failed to either pay the $350.00 filing fee, or submit a complete in forma

2

pauperis application with an affidavit of indigency that includes a statement of his assets and income and his inability to prepay the filing fee, which reflects his changed circumstances since release from prison.

THEREFORE, it is on this 15th  day of May , 2008;

ORDERED that the Clerk of the Court shall change the docket to reflect Plaintiff's current address, 93 Jackson Mills Road, Jackson, New Jersey; and it is further

ORDERED that Plaintiff's application to proceed in forma pauperis is hereby DENIED, without prejudice; and it is further

ORDERED that the Clerk of the Court shall supply to Plaintiff a blank form Application to Proceed In Forma Pauperis; and it is further

ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar *if it was originally filed timely*, see Houston v. Lack, 487 U.S. 266 (1988)(prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995); and it is further

ORDERED that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, 402 East State Street, Trenton, New Jersey 08608, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete in forma pauperis application, including an affidavit of indigence **and** a statement of all income and assets possessed by Plaintiff, or (2) the $350 filing fee; and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete in forma pauperis application or filing fee within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.


s/Noel L. Hillman
NOEL L. HILLMAN
United States District Judge